IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 35665

STATE OF IDAHO,                                   )
                                                  )
                                                  )
    Plaintiff-Appellant-Cross Respondent,     )          Boise, August 2009 Term
                                                  )
                                                  )          2009 Opinion No. 125
v.                                                )
                                                  )          Filed:  October 15, 2009
                                                  )
MICHAEL EDWIN CLEMENTS,                           )          Stephen W. Kenyon, Clerk
                                                  )
                                                  )
    Defendant-Respondent-Cross Appellant.     )

---

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County.  Hon. Gregory S. Anderson, District Judge.

District court order vacating judgment, reversed and remanded.

Hon. Lawrence G. Wasden, Attorney General, Boise, for appellant.  Kenneth K. Jorgensen, Deputy Attorney General, argued.

Molly J. Huskey, Idaho Appellate Public Defender, Boise, for respondent.  Diane Walker, Deputy Appellate Public Defender, argued.

---

BURDICK, Justice

This case arises out of the 1994 shooting death of Mary Ellen Johnson and shooting of Lori Anne Oakes.  Respondent Michael Edwin Clements pled guilty to second-degree murder with a firearm enhancement for the death of Johnson and attempted second-degree murder with a firearm enhancement for the shooting of Oakes.  The district court sentenced Clements to life with fifteen years fixed for second-degree murder plus fifteen years for the firearm enhancement, and fifteen years with ten years fixed for attempted second-degree murder plus five years for the firearm enhancement.  Approximately ten years later, Clements filed an Idaho Criminal Rule 35 motion, arguing that he was illegally sentenced for two weapon enhancements because both shootings arose from the same indivisible course of conduct under I.C. § 19-2520E.  The district court reversed Clements's judgment of conviction and sentence for attempted second-degree

1

murder with a firearm enhancement and resentenced him to fifteen years with ten years fixed, with credit for time served. The State appealed and the Court of Appeals reversed, holding that the district court lacked authority to consider the underlying facts of the case in determining that Clements's sentence for attempted second-degree murder was illegal. Clements petitioned this Court for review. We find that the district court lacked authority under Rule 35 to examine the underlying facts of Clements's case.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 1994, Clements shot Johnson and Oakes, and Johnson died as a result of the shooting. The State charged Clements with first-degree murder with a firearm enhancement for the death of Johnson, attempted first-degree murder with a firearm enhancement for the shooting of Oakes, and burglary. Clements entered into a plea bargain where, in exchange for his guilty pleas to the reduced charges of second-degree murder with a firearm enhancement and attempted second-degree murder with a firearm enhancement, the State dismissed the burglary charge and a felony intimidating a witness charge from a separate case and recommended concurrent sentences. The district court sentenced Clements to life with fifteen years fixed for second-degree murder plus fifteen years for the firearm enhancement, and fifteen years with ten years fixed for attempted second-degree murder plus five years for the firearm enhancement, with credit for time served. Clements appealed. On October 3, 1996, the Idaho Court of Appeals affirmed Clements's judgment of conviction and sentence in an unpublished opinion.

Approximately ten years later, on May 26, 2006, Clements filed a *pro se* Rule 35 motion to correct an illegal sentence. The basis of Clements's motion was that he was illegally sentenced for two firearm enhancements because the shootings arose from the same indivisible course of conduct. Idaho Code § 19-2520, Idaho's weapons enhancement statute, is limited by I.C. § 19-2520E, which provides in pertinent part: "[A]ny person convicted of two (2) or more substantive crimes provided for in [I.C. § 19-2520], which crimes arose out of the same indivisible course of conduct, may only be subject to one (1) enhanced penalty." Clements was appointed counsel for his Rule 35 motion, and the district court heard argument. After reviewing the transcript of the preliminary hearing held on September 20, 1994, the district court determined that Clements shot both victims in rapid succession and, therefore, the crimes "arose out of the same indivisible course of conduct." The district court determined that once it vacated one of Clements's sentences, it had no reason to vacate the remaining legal sentence. The

district court granted Clements's Rule 35 motion in part and vacated his judgment of conviction and sentence for attempted second-degree murder with the firearm enhancement. On September 11, 2006, the district court conducted another sentencing hearing for the count of attempted second-degree murder. Clements was resentenced to fifteen years with ten years fixed, and was given credit for time served.

The State appealed, asserting that the district court lacked authority to examine the underlying facts of Clements's case in order to determine whether his original enhanced sentence for attempted second-degree murder was illegal. Clements filed a *pro se* cross-appeal, arguing the district court should have invalidated both of his sentences after finding that the imposition of the two weapons enhancements was illegal. Clements was appointed a public defender for his appeal. On May 29, 2008, the Idaho Court of Appeals reversed the district court's order, holding that the district court lacked authority to examine the underlying facts of Clements's case before concluding that his sentence was illegal. This Court granted Clements's petition for review. We reverse the district court's order and remand.

## II. STANDARD OF REVIEW

"On review of a case from the Court of Appeals, this Court gives due consideration to the Court of Appeals' decision, but directly reviews the decision of the trial court." *State v. Bishop*, 146 Idaho 804, 810, 203 P.3d 1203, 1209 (2009).

Idaho Criminal Rule 35 is a narrow rule that allows a trial court to correct an illegal sentence at any time, or to correct a sentence imposed in an illegal manner within 120 days. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007); I.C.R. 35. "Generally, whether a sentence is illegal or whether it was imposed in an illegal manner is a question of law, over which we exercise free review." *Farwell*, 144 Idaho at 735, 170 P.3d at 400.

## III. ANALYSIS

On appeal, the State asserts that the district court lacked authority under Rule 35 to examine the underlying facts of Clements's case in determining whether his original enhanced sentence for attempted second-degree murder was illegal. The question before this Court is whether the scope of review under Rule 35 permitted the district court to review the underlying facts of Clements's crimes before determining that his sentence was illegal. In order to resolve this issue, we must first determine what constitutes an "illegal sentence" under Rule 35.

3

**A. A trial court cannot examine the underlying facts of a crime to which the defendant pled guilty to determine if the sentence is an "illegal sentence" under Rule 35.**

Idaho Criminal Rule 35 provides, in pertinent part: "The court may correct an illegal sentence at any time and may correct a sentence that has been imposed in an illegal manner within the time provided herein for the reduction of sentence." The term "illegal sentence" is not defined under Rule 35. "Where the lower court's decision turns on the interpretation of a criminal rule, this Court exercises free review." *State v. Castro*, 145 Idaho 173, 175, 177 P.3d 387, 389 (2008).

Idaho Criminal Rule 35 was adopted from Federal Rule of Criminal Procedure 35, which originally read: "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence." Fed. R. Crim. P. 35 (1944). "[Federal Rule of Criminal Procedure 35] 'was a codification of existing law and was intended to remove any doubt created by the decision in *United States v. Mayer,* 235 U.S. 55, 67, 35 S.Ct. 16, 18, 59 L.Ed. 129 [(1914)], as to the jurisdiction of a District Court to correct an illegal sentence after the expiration of the term at which it was entered.'" *Hill v. United States*, 368 U.S. 424, 430 n.8 (1962) (quoting *Heflin v. United States*, 358 U.S. 415, 422 (1959) (Stewart, J., concurring)). The United States Supreme Court has explained that the function of Fed. R. Crim. P. 35 is narrow: "[A]s the Rule's language and history make clear, the narrow function of Rule 35 is to permit correction at any time of an illegal sentence, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence." *Hill*, 368 U.S. at 430.

A number of state court jurisdictions have narrowed review of a motion to correct an illegal sentence, concluding that the determination of whether a sentence is illegal for purpose of the motion is a legal question, and does not permit an evidentiary inquiry. For example, the Florida Supreme Court addressed whether an unsworn motion that alleged a sentencing error and requested a factual determination of the number of criminal episodes actually alleged an "illegal" sentence that could be resolved at any time. *State v. Callaway*, 658 So.2d 983, 984 (Fla. 1995), *receded from on other grounds by Dixon v. State*, 730 So.2d 265 (Fla. 1999). The Florida Supreme Court limited the definition of "illegal sentence" to include only "those sentencing issues that can be resolved as a matter of law without an evidentiary determination," i.e. sentencing issues that can be determined from the face of the record. *Id.* at 984.

4

The Indiana Supreme Court similarly held that an evidentiary inquiry is not permitted for a defendant's motion to correct an "erroneous sentence," under Indiana Code § 35-38-1-15. *Robinson v. State*, 805 N.E.2d 783, 787 (Ind. 2004). The Indiana Supreme Court stated:

> When claims of sentencing errors require consideration of matters outside the face of the sentencing judgment, they are best addressed promptly on direct appeal and thereafter via post-conviction relief proceedings where applicable. Use of the statutory motion to correct sentence should thus be narrowly confined to claims apparent from the face of the sentencing judgment, and the "facially erroneous" prerequisite should henceforth be strictly applied, notwithstanding *Jones*, *Reffett*, and *Mitchell*. *We therefore hold that a motion to correct sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence.*

*Id.* (emphasis added). In sum, the Indiana Supreme Court employs a "facially erroneous" standard to determine whether a sentence is illegal.

Likewise, the Wyoming Supreme Court has limited the definition of "illegal sentence" to "one that exceeds statutory limits, imposes multiple terms of imprisonment for the same offense, or otherwise violates constitutions or the law." *Brown v. State*, 99 P.3d 489, 491 (Wyo. 2004). This definition is akin to the United States Supreme Court's definition of "illegal sentence" in *Hill v. United States*, 368 U.S. 424, 430 (1962), which, as noted above, focuses on correcting illegal sentences, not reexamining errors from proceedings prior to sentencing. In *Brown*, the Wyoming Supreme Court held that "[t]he determination of whether a sentence is illegal is made by reference to the authorizing statute or applicable constitutional provisions and is, therefore, a matter of statutory interpretation." *Brown*, 99 P.3d at 491. Therefore, in Wyoming the determination of whether a sentence constitutes an "illegal sentence" is a legal question that does not require an evidentiary hearing.

Therefore, the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. This interpretation is harmonious with current Idaho law. As this Court recently noted in *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007), Rule 35 is a "narrow rule." Because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes

a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence was excessive. *See State v. Arthur*, 145 Idaho 219, 223, 177 P.3d 966, 970 (2008).

Clements argues that it reasonably follows from this Court's opinion in *State v. Kerrigan*, 143 Idaho 185, 141 P.3d 1054 (2006), that the district court is justified in assessing the underlying facts of his case to determine if a firearm enhancement is illegal under Rule 35. In *Kerrigan*, the defendant pled guilty to aggravated battery for shooting a police officer and was sentenced to forty-five years. *Id.* at 186, 141 P.3d at 1055. The defendant's sentence was comprised of fifteen years for the aggravated battery, plus a fifteen year enhancement under I.C. § 18-915 (1991) because the battery was upon a law enforcement officer, plus a fifteen year firearm enhancement under I.C. § 19-2520 (1991). *Id.* at 186-87, 141 P.3d at 1055-56. More than ten years after sentencing, the defendant filed a Rule 35 motion, which was denied by the district court. *Id.* at 187, 141 P.3d at 1056. On appeal, the defendant argued that his sentence was illegal because the district court lacked authority to impose more than one enhancement to his single substantive offense for aggravated battery. *Id.* Although the Court addressed the merits of the defendant's claim, in doing so neither it nor the district court reviewed anything beyond the basic public records concerning the conviction and sentence, and the statutory language of the enhancements. *Id.* at 188, 141 P.3d at 1057. In other words, in *Kerrigan* neither court was required to reexamine the underlying facts surrounding the assault and battery to determine whether the defendant's sentence was illegal.

Furthermore, Clements's case is distinguishable from *Kerrigan*. The defendant in *Kerrigan* only pled guilty to aggravated battery, whereas Clements pled guilty to the underlying substantive crimes *and* the firearm enhancements. Clements argues that this fact is irrelevant because he did not specifically admit that both crimes arose out of divisible courses of conduct and the parties understood that there were no representations outside of the written agreement. However, it is well established that "'[a] valid plea of guilty, voluntarily and understandingly given, waives all non-jurisdictional defects and defenses, whether constitutional or statutory, in prior proceedings.'" *State v. Al-Kotrani*, 141 Idaho 66, 69, 106 P.3d 392, 395 (2005) (quoting *Clark v. State*, 92 Idaho 827, 832, 452 P.2d 54, 59 (1969)). As the State points out in its brief, Clements also did not specifically admit that the crimes were not committed in self-defense, yet the plea bargain prohibits him from asserting the defense at this stage in the proceedings. By

6

pleading guilty to both firearm enhancements, Clements waived the statutory, fact-based defense that the murder and attempted murder arose out of the same indivisible course of conduct under I.C. § 19-2520E. *See id.* Therefore, even if *Kerrigan* warranted review of the underlying facts to determine if the sentence is illegal, the holding is inapplicable since Clements pled guilty to both firearm enhancements, thereby waiving the factual findings he now wishes to rely upon to reexamine his sentences.

Therefore, we hold that the interpretation of "illegal sentence" under Rule 35 is limited to sentences that are illegal from the face of the record, i.e., those sentences that do not involve significant questions of fact nor an evidentiary hearing to determine their illegality.

**B. Clements's sentence is not illegal from the face of the record.**

Next, in applying the standard set forth above, we determine that Clements's sentence is not illegal from the face of the record. The basis of Clements's Rule 35 motion is that he was illegally sentenced for two firearm enhancements since both shootings arose from the same indivisible course of conduct under I.C. § 19-2520E. Idaho Code § 19-2520E provides in pertinent part that "any person convicted of two (2) or more substantive crimes provided for in [I.C. § 19-2520], which crimes arose out of the same indivisible course of conduct, may only be subject to one (1) enhanced penalty." "Th[e] statute, by its wording, limits the otherwise mandatory duty of the district court to enhance 'multiple' sentences under I.C. § 19-2520." *State v. Johns*, 112 Idaho 873, 882, 736 P.2d 1327, 1336 (1987).

Here, the district court's determination that the two crimes for which Clements was convicted—second-degree murder and attempted second-degree murder—arose out of the same indivisible course of conduct was a significant factual finding that the court was only able to make after reviewing testimony from the preliminary hearing. *See id.*; *see also State v. Searcy*, 118 Idaho 632, 638, 798 P.2d 914, 920 (1990); *State v. McLeskey*, 138 Idaho 691, 696-98, 69 P.3d 111, 116-18 (2003); *State v. Custodio*, 136 Idaho 197, 207-08, 30 P.3d 975, 985-86 (Ct. App. 2001). Clements himself concedes that it was a factual determination. Accordingly, Clements's sentence is not illegal from the face of the record.

Clements argues that implicit in the Court's decisions where it has discussed I.C. § 19-2520E is the understanding that if the district court imposes multiple enhancements for offenses arising out of the same indivisible course of conduct, then the sentence is illegal. Clements argues that because a Rule 35 motion is the appropriate mechanism to challenge an illegal

7

sentence, review of the underlying facts of the case is necessary to determine whether the crimes arose out of the same indivisible course of conduct. However, in prior cases where this Court has applied I.C. § 19-2520E, the factual issue regarding the divisibility of conduct for the purpose of weapons enhancement was either raised on direct appeal, made before the defendant's Rule 35 motion, or was not necessary to resolve the appeal. *See State v. Johns*, 112 Idaho 873, 882, 736 P.2d 1327, 1336 (1987) (defendant challenging on direct appeal the trial court's conclusion that the conduct concerning the murder was divisible from the conduct constituting the robbery, which was based upon the evidence in the record); *State v. Searcy*, 118 Idaho 632, 634, 638, 798 P.2d 914, 916, 920 (1990) (holding that the district court properly granted the defendant's Rule 35 motion challenging two firearm enhancements for murder and robbery because the jury found the defendant killed while committing the robbery); *State v. McLeskey*, 138 Idaho 691, 696-97, 69 P.3d 111, 116-17 (2003) (holding that the district court erred in dismissing the firearm enhancement with respect to the burglary charge prior to trial under I.C. § 19-2520E because the statute only prohibits imposing more than one enhanced penalty where a person is *convicted* of two or more substantive crimes that arose out of the same indivisible course of conduct and does not prohibit *charging* more than one enhanced penalty even if the crimes charged all arose out of the same indivisible course of conduct); *State v. Kerrigan*, 143 Idaho 185, 141 P.3d 1054 (2006) (holding that the defendant's sentence was not illegal, but neither it nor the district court was required to make a factual determination or review anything beyond the defendant's judgment of conviction and the statutory language of the enhancements). Here, the factual issue regarding the divisibility of Clements's conduct under I.C. § 19-2520E was addressed for the first time in Clements's Rule 35 motion, which was filed approximately ten years after he was sentenced. Because I.C.R. 35 is limited to legal questions surrounding the defendant's sentence, the factual issue of the divisibility of conduct for purposes of I.C. § 19-2520E must be apparent from the face of the record and, therefore, determined before the defendant files a Rule 35 motion.

By reexamining the facts underlying the crimes in this case to determine that Clements's sentence was illegal, the district court exceeded the "narrow" scope of Rule 35. *See State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). By exceeding the scope of Rule 35, the district court exceeded the scope of its authority. *See State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711, 714 (2003). Therefore, we reverse the district court's order vacating Clements's

8

judgment of conviction and sentence for attempted second-degree murder with a firearm enhancement, and remand the matter to the district court to reinstate the judgment of conviction and sentence that was vacated.

Because the district court exceeded its authority by examining the underlying facts of Clements's case in determining that his sentence was illegal, we decline to address Clements's argument that the district court erred in failing to vacate both of his sentences.

## IV. CONCLUSION

For the reasons set forth above, we hold that the district court lacked authority under Idaho Criminal Rule 35 to examine the underlying facts of Clements's case before concluding that Clements's sentence was illegal. Accordingly, we reverse the district court's order vacating Clements's judgment of conviction and sentence for attempted second-degree murder with a firearm enhancement and remand the matter to the district court to reinstate the judgment of conviction and sentence that was vacated. Finally, we decline to address Clements's argument that the district court erred in failing to vacate both of his sentences.

Chief Justice EISMANN and Justices J. JONES, and W. JONES, **CONCUR.**

HORTON, J., concurring.

I join in the Court's decision. However, I write separately to address the impact of this Court's decision on a line of decisions from the Idaho Court of Appeals.

The majority decision quotes from the Indiana Supreme Court's decision in *Robinson v. State,* 805 N.E.2d 783 (Ind. 2004). In *Robinson*, the claim of an "illegal sentence" related to credit for time served prior to sentencing and corresponding "credit time" under Indiana law. The Indiana court held that the motion to correct sentence "may only be used to correct sentencing errors that are clear from the face of the judgment…" The impact upon this State's jurisprudence is this: our Court of Appeals has long held that an incorrect calculation of credit for time served is an illegal sentence which may be corrected at any time under I.C.R. 35.

The Court of Appeals first suggested this view in *State v. Hale,* 116 Idaho 763, 779 P.2d 438 (Ct. App. 1989). In that case, the court did not expressly address the timeliness of Hale's claim, as it concluded that Hale was not entitled to the credit which he sought. However, in *State v. Rodriguez,* 119 Idaho 895, 811 P.2d 505 (Ct. App. 1991), the court expressly held that Rule 35 provided a basis for a challenge to the legality of a sentence based upon a claim that the trial court incorrectly calculated credit for time served prior to sentencing:

The second issue raised by the state is whether Rodriguez' Rule 35 motion was timely filed. Rodriguez filed the motion two-and-one-half years after judgment was imposed. Pursuant to Rule 35, the district court has authority to correct an illegal sentence at any time. Rodriguez' motion under Rule 35 states a colorable (although as we discuss later, unmeritorious) claim that the sentence imposed upon him is illegal. He asserts that the sentence is illegal because it does not comply with I.C. § 18-309. The language of I.C. § 18-309 is mandatory, and requires that in sentencing a criminal defendant, the sentencing judge give the appropriate credit for pre-judgment incarceration. *Law v. Rasmussen,* 104 Idaho 455, 456-57, 660 P.2d 67, 68-69 (1983). Thus, *a claim that such credit was not properly given is a claim that the sentence is illegal, since the sentence would have been imposed in violation of I.C. § 18-30Id.* at 896-97, 811 P.2d at 506-07 (emphasis added, footnote omitted).

The Court of Appeals has consistently applied this rule in subsequent cases. *See e.g., State v. McCarthy,* 145 Idaho 397, 179 P.3d 360 (Ct. App. 2008). This Court has yet to specifically address this line of authority. However, the computation of time served necessarily involves a factual inquiry beyond "the face of the record" as it requires consideration of jail booking and release records. Thus, today's decision effectively overrules *Rodriguez* and its progeny.

Although I agree with the Court's reasoning and the decision we issue today, there are good reasons for judges to have the power to correct erroneous credit calculations. The holding that judges are without authority to conduct limited factual inquiries as to the duration of presentence incarceration and to correct their sentences means that inmates will have to seek relief by way of an alternative legal avenue. Although an incorrect calculation of presentence credit may be grounds for habeas relief, inmates may well be precluded from asserting that they are being unlawfully confined until the time that their confinement becomes unlawful. In misdemeanor cases and felony cases where the entire unified sentence is fixed, the practical effect is that inmates will serve time in excess of that which they are legally required to serve.

In my view, this Court has a simple and straightforward remedy available to it that will avoid the undesirable side-effect of today's decision. This Court should amend I.C.R. 35 or adopt a separate rule in order to expressly grant trial judges the authority to correct sentences involving the erroneous computation of credit for time served prior to sentencing.