**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37145**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 646 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: September 16, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DENNIS ABBOTT, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Order of the district court denying motion to correct an illegal sentence and motion for appointment of counsel, affirmed.

Molly J. Huskey, State Appellate Public Defender; Heather M. Carlson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Dennis Abbott appeals from the district court's denial of his Idaho Criminal Rule 35 motion to correct an illegal sentence and motion for appointment of counsel. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 1986, Abbott was convicted of lewd conduct with a minor under the age of sixteen and the district court imposed an indeterminate life sentence and retained jurisdiction. Following the period of retained jurisdiction, the district court reduced Abbott's sentence to an indeterminate forty years, suspended the sentence and placed him on probation. After Abbott violated the

1

terms of his probation, the district court revoked his probation and ordered execution of the underlying sentence.

In 2006, Abbott filed a Rule 35 motion to correct an illegal sentence arguing that the reduction of the indeterminate life sentence to forty years was actually an increase in his sentence and that he should be given credit for time served. The district court denied the motion and this Court affirmed on appeal. *State v. Abbott*, Docket No. 33216 (Ct. App. March 8, 2007) (unpublished).

In October 2009, Abbott filed another Rule 35 motion to correct an illegal sentence stating the grounds for relief as prosecutorial misconduct, disparity of sentences between defendants, excessive sentence, a lack of material facts, and tainted evidence. Abbott also filed a motion for appointment of counsel. The district court denied both motions. This appeal followed.

## II.

## ANALYSIS

Abbott contends that his sentence is illegal because of prosecutorial misconduct, arguing that the prosecutor mislead the court on two occasions "by prevaricating evidence in which she claimed defendant admitted, then denied the allegations, in order for the prosecutor to manipulate the court to her bidding in which she desired at the time." Next, he contends that his sentence is illegal because of the disparity between his sentence and the sentence of his co-defendant, arguing that he received "a forty year sentence" and must register as a sex offender, yet his co-defendant only received "a sentence of five-years probation," of which she served only a small portion, her record was sealed, and she does not have to register as a sex offender. Abbott also claims that there were no material facts, stating, "[t]here were never any material facts presented to the court, only a coerced plea by the laziness of the Defendant's counsel, and the trickery of the prosecutor." In addition, he asserts that the evidence was tainted, arguing that there was never any evidence presented to him or the court in this case indicating that he committed the crime with the purpose of self-gratification, as required under Idaho Code § 18-1508. Finally, Abbott argues that his sentence is excessive.

On appeal, Abbott acknowledges that "his Rule 35 illegal sentence claims are not actually illegal sentence claims and are not apparent from the record alone." In addition, he acknowledges that a Rule 35 motion requesting leniency must be filed within 120 days of being

sentenced and within 14 days of revocation of probation. Nonetheless, Abbott contends that the district court erred in denying his Rule 35 motion for correction of an illegal sentence.

In *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court held that "the interpretation of 'illegal sentence' under Rule 35 is limited to sentences that are illegal from the face of the record, i.e., those sentences that do not involve significant questions of fact nor an evidentiary hearing to determine their illegality." An illegal sentence under Rule 35 is one in excess of a statutory provision or otherwise contrary to applicable law. *State v. Alsanea*, 138 Idaho 733, 745, 69 P.3d 153, 165 (Ct. App. 2003). Abbott's claims, as he correctly acknowledges, are not within the scope of a motion for correction of an illegal sentence pursuant to Rule 35. In addition, to the extent Abbott's Rule 35 motion is based on a plea of leniency it is untimely.

## III.

## CONCLUSION

Abbott's claims are not cognizable under a Rule 35 motion to correct an illegal sentence. Abbott's sentence does not exceed the statutory maximum, and because his sentence is not otherwise contrary to applicable law, he has failed to show error by the district court in denying his Rule 35 motion. Therefore, the district court's order denying Abbott's Rule 35 motion to correct an illegal sentence and motion for appointment of counsel is affirmed.