**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41769**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2014 Unpublished Opinion No. 750** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: October 2, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JOHNNY RAY ANDOE,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County.  Hon. Robert J. Elgee, District Judge.

Order denying I.C.R. 35 motion for correction of illegal sentences, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

---

PER CURIAM

Johnny Ray Andoe entered *Alford*[1] pleas to second degree kidnapping, I.C. §§ 18-4501(1) and 18-4503, and felony domestic battery, I.C. §§ 18-918 and 18-903(a).  In exchange for his guilty plea, additional charges were dismissed.  The district court sentenced Andoe to a unified term of twenty years, with a minimum period of confinement of ten years, for second degreed kidnapping and to a concurrent determinate term of ten years for felony domestic battery.  The district court suspended the sentences and retained jurisdiction.  Following the period of retained jurisdiction, the district court relinquished jurisdiction.

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

Over the next several years, Andoe filed numerous motions and petitions, which were all denied or dismissed by the district court. Andoe filed an I.C.R 35 motion for correction of illegal sentences, which is the subject of this appeal and which the district court denied. Andoe appeals, asserting that his sentences are illegal for numerous reasons, principally that the evidence was legally and factually insufficient to support his convictions and that his pleas were not knowingly, intelligently, and voluntarily entered.

In *State v. Clements*, 148, Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell,* 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence was excessive. *Clements*, 148 Idaho at 87, 218 P.3d at 1148. Whether a sentence is illegal is a question of law that is freely reviewed by this Court on appeal. *Id*. at 84, 218 P.2d at 1145. Andoe's sentences are well within the statutory maximum for second degree kidnapping and felony domestic battery and are not otherwise contrary to applicable law. Accordingly, the district court's order denying Andoe's Rule 35 motion is affirmed.