# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 41646

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 767 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 15, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JOHN FREDRICK WARREN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Order denying I.C.R. 35 motion, affirmed.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

John Fredrick Warren pled guilty to felony driving under the influence (DUI). I.C. §§ 18-8004 and 18-8005. In exchange for his guilty plea, the state dismissed an allegation that Warren was a persistent violator. The district court sentenced Warren to a unified term of eight years, with a minimum period of confinement of two years.

Warren filed an I.C.R 35 motion for correction of an illegal sentence, asserting that his sentence was illegal because he had not previously been sentenced on a second offense DUI. The district court denied Warren's motion, finding that Warren's sentence was not illegal. Warren appeals.

In *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence

1

that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell,* 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence was excessive. *Clements*, 148 Idaho at 87, 218 P.3d at 1148.

"Mindful" of the fact the plain language of the felony DUI statute does not require that one of Warren's prior DUI convictions have been sentenced as a second offense, Warren asserts that he should have been sentenced for a misdemeanor DUI rather than a felony. The record supports the district court's finding that Warren's sentence was not illegal. Therefore, the district court properly denied Warren's motion and his sentence is well within the statutory maximum for felony DUI and is not otherwise contrary to applicable law. Accordingly, we conclude no abuse of discretion has been shown and the district court's order denying Warren's Rule 35 motion is affirmed.