# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 42998

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 386 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 11, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DWANE ROBERT STEPHENSON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Gooding County. Hon. John K. Butler, District Judge.

Order denying I.C.R. 35 motion, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

_____

PER CURIAM

Dwane Robert Stephenson pled guilty to burglary. Idaho Code §§ 18-1401, 18-2004. The district court sentenced Stephenson to a determinate term of ten years.

Stephenson filed an Idaho Criminal Rule 35 motion for correction of an illegal sentence, which the district court denied. Stephenson appeals asserting that his conviction and sentence were illegal because he was previously convicted and punished for essentially the same offense.

In *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may

1

be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell,* 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to re-examine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence was excessive. *Clements*, 148 Idaho at 87, 218 P.3d at 1148.

Stephenson acknowledges that the claimed illegal sentence is not apparent from the face of the record. The record supports the district court's finding that Stephenson's sentence was not illegal and the district court properly denied Stephenson's motion. Accordingly, the district court's order denying Stephenson's Rule 35 motion is affirmed.