**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43585**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 433 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 15, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| LARRY A. CRAWFORD, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Order denying Idaho Criminal Rule 35 motions, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

_____

PER CURIAM

In 2007, Larry A. Crawford pled guilty to lewd conduct with a minor child under sixteen. Idaho Code § 18-1508. Prior to sentencing, Crawford filed a motion to withdraw his guilty plea, which the district court denied. The district court sentenced Crawford to a unified term of twenty-five years with eight years determinate. Crawford filed an Idaho Criminal Rule 35 motion for a reduction of sentence, which the district court denied. Crawford appealed the denial of his motion to withdraw guilty plea and the denial of his I.C.R. 35 motion. This Court affirmed the district court's orders in *State v. Crawford*, Docket No. 35133 (Ct. App. Sept. 16, 2009) (unpublished).

1

In 2015, Crawford filed an I.C.R. 35(a) motion for correction of an illegal sentence, which the district court denied.[1] Crawford appeals asserting that the district court erred when it denied his second Rule 35 motion to correct an illegal sentence. Specifically, he claims that he was denied his inherent due process right to withdraw his guilty plea, rendering his sentence illegal.

In *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to re-examine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence was excessive. *Clements*, 148 Idaho at 87, 218 P.3d at 1148.

The record supports the district court's finding that Crawford's sentence was not illegal and the district court properly denied Crawford's motion. Accordingly, the district court's order denying Crawford's Rule 35 motions is affirmed.

---

[1] In 2008, Crawford filed a pro se Rule 35 motion for correction of an illegal sentence, asserting that he was coerced into pleading guilty and the district court later refused to allow him to withdraw that plea. The district court did not act on the motion. Following the filing in 2015 of the Rule 35 motion for correction of an illegal sentence, the district court noted that the motion "echoes the claims of the June 2008 motion and, therefore, the court's denial of the instant motion will act as a denial of that motion as well."