# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43615

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 601** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: July 15, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **DOMENICK M. MINIERO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Christopher S. Nye, District Judge.

Order denying Idaho Criminal Rule 35 motion for correction of illegal sentence, affirmed.

Eric D. Fredericksen, Interim State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

_____

PER CURIAM

Domenick M. Miniero pled guilty to grand theft, Idaho Code §§ 18-2403(1), 18-2407(1)(b). The district court imposed a unified sentence of eight years, with a minimum period of confinement of four years. Miniero filed an Idaho Criminal Rule 35 motion for reduction of sentence, which the district court denied.

Miniero filed an Idaho Criminal Rule 35 motion for correction of an illegal sentence, asserting that his sentence was illegal because the State could not prove the elements of grand theft. The district court denied Miniero's motion, finding that Miniero's sentence was not illegal. Miniero appeals.

1

In *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell,* 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence was excessive. *Clements*, 148 Idaho at 87, 218 P.3d at 1148.

The record supports the district court's finding that Miniero's sentence was not illegal. Therefore, the district court properly denied Miniero's motion. Accordingly, we conclude no abuse of discretion has been shown and the district court's order denying Miniero's Rule 35 motion is affirmed.