## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45440

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: June 26, 2018 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| PERRY WAYNE CADUE, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Order denying I.C.R. 35 motion to correct illegal sentence, <u>affirmed</u>.

Silvey Law Office Ltd.; Greg S. Silvey, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge and GUTIERREZ, Judge
_____

PER CURIAM

Perry Wayne Cadue was found guilty of aggravated battery, Idaho Code §§ 18-903, 18-907. The district court imposed a unified term of fifteen years with ten years determinate.

Cadue filed an Idaho Criminal Rule 35(a) motion for correction of an illegal sentence. The district court denied Cadue's motion, finding that Cadue's sentence is not illegal. While being mindful of the controlling case law, Cadue appeals asserting that the district court erred in denying his motion to correct illegal sentence.

In *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may

1

be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence is excessive. *Clements*, 148 Idaho at 87, 218 P.3d at 1148.

The record supports the district court's finding that Cadue's sentence is not illegal. Therefore, the district court properly denied Cadue's motion. Accordingly, we conclude no abuse of discretion has been shown and the district court's order denying Cadue's Rule 35 motion is affirmed.