# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45945

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

FRANK L. NICOLAI, III,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed:  January 22, 2019

Karel A. Lehrman, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Samuel Hoagland, District Judge.

Order denying I.C.R. 35 motion to correct illegal sentence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge and BRAILSFORD, Judge
_____

PER CURIAM

Frank L. Nicolai, III was found guilty of second degree kidnapping and rape, Idaho Code §§ 18-4503, 18-6101.  The district court imposed concurrent sentences of twenty-five years determinate for second degree kidnapping and determinate life for rape.  In 2013, Nicolai filed an Idaho Criminal Rule 35 motion for correction of an illegal sentence which the district court denied.  In 2018, Nicolai filed a second Rule 35(a) motion for correction of an illegal sentence, based upon an alleged speedy trial violation, which the district court denied.  Nicolai filed a motion to reconsider the denial of his second Rule 35(a) motion, and the district court subsequently denied the motion to reconsider.  Nicolai appeals.

In *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence is excessive. *Clements*, 148 Idaho at 87, 218 P.3d at 1148.

The record supports the district court's finding that Nicolai's sentence is not illegal. Therefore, the district court properly denied Nicolai's motion. Accordingly, we conclude no abuse of discretion has been shown and the district court's order denying Nicolai's Rule 35 motion is affirmed.