# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46047

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Filed: March 6, 2019** |
| Plaintiff-Respondent, | ) | |
| | ) | **Karel A. Lehrman, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| DAVID LOPEZ PRIETO, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Gem County. Hon. George A. Southworth, District Judge.

Order denying I.C.R. 35 motion for correction of illegal sentence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeffery D. Nye, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

In February 2016, David Lopez Prieto pled guilty to felony domestic violence. I.C. § 18-918(2)(a). In exchange for his guilty plea, additional charges were dismissed, and the State agreed not to pursue an allegation that Prieto is a persistent violator. The district court sentenced Prieto to a unified term of ten years, with a minimum period of confinement of six years. In April 2018, Prieto filed numerous post-judgment motions, including an I.C.R. 35 motion for correction of an illegal sentence. In his motion, he asserted that he was not told by counsel that he did not have to speak with the presentence investigator. The district court denied the motion,

1

holding that the motion challenged the manner in which the sentences were imposed, not whether the sentences were authorized by law. Prieto appeals.

In *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence was excessive. *Clements*, 148 Idaho at 87, 218 P.3d at 1148.

"Mindful" of *Clements*, Prieto argues that the district court erred in denying his Rule 35 motion. Prieto asserts that he was not informed that he could refuse to participate in the PSI, would have remained silent had he been properly informed, and asserts that this made the sentencing process fundamentally unfair. The record supports the district court's finding that Prieto's sentence is not illegal. Therefore, the district court properly denied Prieto's motion and his sentence is well within the statutory maximum and is not otherwise contrary to applicable law. Accordingly, we conclude no abuse of discretion has been shown and the district court's order denying Prieto's Rule 35 motion is affirmed.