# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45924

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: March 8, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| ROBERT MICHAEL WILLISTON, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Barbara A. Buchanan, District Judge.

Order denying Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

Before HUSKEY, Judge, LORELLO, Judge;
and BRAILSFORD, Judge

PER CURIAM

Robert Michael Williston pleaded guilty to attempted strangulation, Idaho Code § 18-923. The district court imposed a unified twelve-year sentence, with eight years determinate. Williston appealed, arguing that the district court abused its discretion by denying his motion to withdraw his guilty plea. This Court affirmed Williston's judgment of conviction. *State v. Williston*, Docket No. 42115 (Ct. App. July 7, 2015) (unpublished).

Williston filed an Idaho Criminal Rule 35 motion for correction of an illegal sentence, asserting that his sentence is illegal "because the prosecutor entered forged medical documentation into the discovery record to prove that [he] had committed . . . some act that constituted a higher sentencing." He further argued that there was exculpatory evidence that had

1

been withheld by the state attorney, and that his criminal history had been padded to show sixteen charges that had no foundation. Willison asked the court to subpoena the doctors that treated the victim to "present their evidence and support their documentation." The district court denied Williston's motion, finding that Williston's sentence was not illegal on the face of the record. Williston appeals and contends that "absent the forged and wrongfully withheld evidence, he would have been convicted of a misdemeanor, not a felony, making the sentence he received illegal."

In *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell,* 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Idaho Criminal Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence was excessive. *Clements*, 148 Idaho at 87, 218 P.3d at 1148.

Therefore, the district court properly denied Williston's motion. Accordingly, we conclude no abuse of discretion has been shown and the district court's order denying Williston's Rule 35 motion is affirmed.