# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46059

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

CHRISTOPHER MARK TAYLOR,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: March 12, 2019

Karel A. Lehrman, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

Order denying Idaho Criminal Rule 35 motion, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and BRAILSFORD, Judge

---

PER CURIAM

Christopher Mark Taylor pleaded guilty to one count of aggravated battery upon a peace officer, Idaho Code §§ 18-903, 18-907 and 18-918, enhanced for being a persistent violator, I.C. § 19-2514, and also enhanced for the use of a deadly weapon, I.C. § 19-2520. Taylor also entered an *Alford*[1] plea to one count of aggravated battery upon a peace officer, I.C. §§ 18-901, 18-905 and 18-918, enhanced for being a persistent violator, I.C. § 19-2514. The district court sentenced Taylor to concurrent fixed life terms. Taylor filed an Idaho Criminal Rule 35 motion

---

[1]    *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

for reduction of his sentences, which the district court denied and Taylor appealed. This Court affirmed Taylor's judgment of conviction and sentences. *State v. Taylor*, Docket No. 39844 (Ct. App, Aug 1, 2013) (unpublished).

Taylor filed an I.C.R. 35 motion for correction of an illegal sentence asserting that his sentence was illegal. Taylor argues that his counsel did not advise him that he had a right to refuse to participate in the presentence investigation report, that he believed the court would consider an MRI and neuropsychological evaluation at sentencing, and that he was sentenced in violation of his Fifth, Sixth, and Fourteenth Amendment rights. The district court denied Taylor's motion, finding that Taylor's sentence was not illegal. On appeal, mindful that "Taylor's sentence is not illegal on its face," Taylor continues to assert that the district court abused its discretion by denying Taylor's motion.

In *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Idaho Criminal Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell,* 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Idaho Criminal Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence was excessive. *Clements*, 148 Idaho at 87, 218 P.3d at 1148.

The record supports the district court's finding that Taylor's sentence was not illegal. Therefore, the district court properly denied Taylor's motion. Accordingly, we conclude no abuse of discretion has been shown, and the district court's order denying Taylor's I.C.R. 35 motion is affirmed.