# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46175

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

JUDY ANN MENDOZA,

        Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed:  March 27, 2019

Karel A. Lehrman, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County.  Hon. Thomas J. Ryan, District Judge.

Order denying I.C.R. 35(a) motion to correct an illegal sentence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LORELLO, Judge;
and BRAILSFORD, Judge

_____

PER CURIAM

      Judy Ann Mendoza was found guilty of forgery, Idaho Code §§ 18-3601, 18-3604.  After the jury found Mendoza guilty of the forgery charge, Mendoza pled guilty to a persistent violator enhancement, I.C. § 19-2514.  The district court imposed a unified term of fifteen years with two years determinate.  Mendoza filed an Idaho Criminal Rule 35(a) motion to correct an illegal sentence, asserting that her sentence is illegal because she was sentenced to fifteen years for a persistent violator enhancement on her second felony.  The district court denied Mendoza's Rule 35 motion to correct an illegal sentence stating that Mendoza admitted that she had been convicted of two felony offenses prior to her forgery conviction.  Mendoza appeals.

1

In *State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143, 1147 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence is excessive. *Clements*, 148 Idaho at 86, 218 P.3d at 1147.

The record supports the district court's finding that Mendoza's sentence is not illegal. First, Mendoza's sentence is not illegal from the face of the record. Second, Mendoza admitted to the felonies prior to the instance conviction. Therefore, the district court properly denied Mendoza's motion. Accordingly, the district court's order denying Mendoza's Rule 35 motion is affirmed.