# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46412

|  |  |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 20, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| DUB DEAN TUNSTALL, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Roger B. Harris, District Judge.

Order denying I.C.R. 35 motion for correction of an illegal sentence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; LORELLO, Judge;
and BRAILSFORD, Judge

---

PER CURIAM

In 2004, Dub Dean Tunstall entered an *Alford*[1] plea of guilty to the charge of rape, Idaho Code §§ 18-6101, 18-6104, and the district court imposed a unified sentence of twenty-five years with eighteen years determinate. Tunstall timely appealed and timely filed an Idaho Criminal Rule 35 motion for reduction of sentence, which the district court denied. This Court affirmed his sentence and the denial of his Rule 35 motion in *State v. Tunstall*, Docket No. 31271 (Ct. App. Oct. 26, 2005) (unpublished). In 2014, Tunstall filed a Rule 35 motion for correction of an

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

illegal sentence, which was denied by the district court, and affirmed by this Court. *State v. Tunstall*, Docket No. 42185 (Ct. App. Dec. 3, 2014) (unpublished).

Tunstall again filed an I.C.R. 35 motion for correction of an illegal sentence, asserting that his sentence is illegal because his trial counsel failed to inform him that he did not have to participate in the PSI interview and that the district court sentenced him without a neuropsychological evaluation. The district court denied Tunstall's motion, finding that Tunstall's sentence is not illegal. Tunstall appeals asserting that the district court erred by denying his motion for correction of an illegal sentence.

In *State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143, 1147 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence is excessive. *Clements*, 148 Idaho at 86, 218 P.3d at 1147.

The record supports the district court's finding that Tunstall's sentence is not illegal. Therefore, the district court properly denied Tunstall's motion. Accordingly, we conclude no abuse of discretion has been shown and the district court's order denying Tunstall's Rule 35 motion is affirmed.