**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41923**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **2014 Opinion No. 87** |
| Plaintiff-Respondent, | ) | |
| | ) | **Filed: October 20, 2014** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| CHRISTOPHER D. GRIFFITH, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Joel E. Tingey, District Judge.

Order denying motion to correct illegal sentence, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Dennis A. Benjamin, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

_____

PER CURIAM

Christopher D. Griffith was convicted of first degree murder by aggravated battery in the death of a two-year-old, Idaho Code § 18-4003(d). He was sentenced to a unified life term of incarceration with twenty-two years fixed. Years later, Griffith filed an Idaho Criminal Rule 35 motion, arguing that the twenty-two-year fixed term of his sentence is illegal. The district court denied the Rule 35 motion and Griffith appeals.

Griffith argues that the twenty-two-year fixed term of his sentence is illegal because I.C. §§ 18-4004 and 19-2513 require that the sentencing court impose a ten-year fixed term.

1

Griffith's argument is without merit. Idaho Code §§ 18-4004 and 19-2513 grant trial courts discretion to impose a fixed term of *not less than* ten years for first degree murder. Section 18-107 specifies:

> Whenever, in this code, the punishment for a crime is left undetermined between certain limits, the punishment to be inflicted in a particular case, must be determined by the court authorized to pass sentence within such limits as may be prescribed by this code.

Section 19-2513 states in part:

> The court shall specify a minimum period of confinement and may specify a subsequent indeterminate period of custody. The court shall set forth in its judgment and sentence the minimum period of confinement and the subsequent indeterminate period, if any, provided, that the aggregate sentence shall not exceed the maximum provided by law. During a minimum term of confinement, the offender shall not be eligible for parole or discharge or credit or reduction of sentence for good conduct except for meritorious service except as provided in section 20-223(f), Idaho Code. The offender may be considered for parole or discharge at any time during the indeterminate period of the sentence and as provided in section 20-223(f), Idaho Code.

The parameters for a sentence for first degree murder are set by I.C. § 18-4004, which states in part that if the death penalty is not sought or if statutory aggravating circumstances requisite for the death penalty are not found, "the court shall impose a life sentence with a minimum period of confinement of not less than ten (10) years . . . ." Thus, Section 18-4004 sets the outer limits of a permissible sentence for first degree murder, Section 18-107 gave the court authority to impose a sentence anywhere within those limits, and Section 19-2513 conferred discretion to determine what portion of the sentence in excess of the mandatory ten-year fixed term would be determinate. Consistent with that discretion, the district court may impose any fixed term of ten years or more, up to and including a fixed life sentence for first degree murder. *See State v. Carver*, 155 Idaho 489, 496-97, 314 P.3d 171, 178-79 (2013) (affirming fixed life sentence for first degree murder by aggravated battery upon a child).

Griffith argues that Idaho Code § 19-2513 limits the discretion of the sentencing court when a crime carries a mandatory fixed term. He relies upon the portion of I.C. § 19-2513 that states: "If the offense carries a mandatory minimum penalty as provided by statute, the court shall specify a minimum period of confinement consistent with such statute." Griffith argues that we should interpret this language to mean that the court may impose any indeterminate

sentence otherwise authorized, but the fixed portion of the sentence may not exceed the minimum sentence stated in Section 18-4004. Because I.C. § 18-4004 authorizes "a minimum period of confinement of not less than ten (10) years," Griffith contends that his fixed term may not be more than ten years.

Griffith's argument distorts the meaning of the statute. In substance, he contends that the ten-year *minimum* fixed sentence authorized by the statute is instead a ten-year *maximum* fixed term. The statute actually authorizes for first degree murder a unified sentence of life with a fixed term of any duration between ten years and life. Section 19-2513 authorizes the court, in its discretion, to distribute that sentence between a determinate (fixed) term and an indeterminate term within those parameters. Therefore, Griffith's sentence for first degree murder is consistent with I.C. § 18-4004, as required by I.C. § 19-2513.

Griffith has not shown that his sentence is illegal. Therefore, the district court correctly denied his Rule 35 motion. The order of the district court denying Griffith's motion for correction of illegal sentence is affirmed.