# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 41162

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 533 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 25, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| WILLIAM FRANKLIN WOLFE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Idaho County. Hon. Michael J. Griffin, District Judge.

Order denying I.C.R. 35 motion to correct illegal sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before MELANSON, Chief Judge; LANSING, Judge;
and GRATTON, Judge

---

PER CURIAM

In 1982, a jury found William Franklin Wolfe guilty of first degree murder and he was given a fixed life sentence of imprisonment. Since that time, he has filed various motions and taken several appeals challenging his conviction and sentence. *See, e.g.*, *State v. Wolfe*, 158 Idaho 55, 343 P.3d 497, 500 (2015); *State v. Wolfe*, 107 Idaho 676, 678, 691 P.2d 1291, 1293 (Ct. App. 1984). This case involves one of his more recent filings, an Idaho Criminal Rule 35 motion wherein he argued that his sentence, fixed life, was not authorized by law at the time it was announced. The district court denied the motion and Wolfe appeals.

1

In 1982, when he was convicted, Idaho courts were authorized to impose a fixed life sentence for first degree murder. At that time, Idaho Code section 18-4004 authorized life sentences; the statute stated that "every person guilty of murder of the first degree shall be punished by death or by imprisonment for life." Fixed sentences were authorized by Idaho Code section 19-2513A, which said that "the court, in its discretion, may sentence the offender to the custody of the state board of correction for a fixed period of time . . . not more than the maximum provided by law for said felony." Finally, indeterminate sentences were authorized by Idaho Code section 19-2513. When reading these three statutes together, our Supreme Court held that "if imprisonment is to be the punishment [for first degree murder], the sentence must be for life. *It may be either a fixed or indeterminate life sentence.*" *State v. Wilson*, 107 Idaho 506, 509, 690 P.2d 1338, 1341 (1984) (emphasis added) (quoting *State v. Wilson*, 105 Idaho 669, 677, 672 P.2d 237, 245 (Ct. App. 1983) (Swanstrom, J. dissenting)). Accordingly, Wolfe's sentence was authorized by statute.

This holding should come as no surprise to Wolfe because this Court made the same determination over thirty years ago, when he first argued that his sentence was erroneous. There, we noted that "if a sentence of imprisonment is imposed for murder in the first degree it must be for life, although it may be either an indeterminate life sentence or a fixed life sentence." *Wolfe*, 107 Idaho at 680, 691 P.2d at 1295. Further, we held that Wolfe's sentence "is within statutory limits."[1] *Id.*

Moreover, the current statutes do not provide for a different rule. The current versions of I.C. §§ 18-4004, 19-2513 continue to authorize fixed life sentences for first degree murder. *See State v. Griffith*, 157 Idaho 409, 410, 336 P.3d 816, 817 (Ct. App. 2014) (holding that fixed life for first degree murder is not an illegal sentence).

Like the district court, we conclude that Wolfe's motion is meritless. His sentence was authorized by law at the time it was announced. Therefore, we affirm the order denying his Rule 35 motion.

---

[1]     Because it does not appear that the State raised the res judicata issue, we address the merits of Wolfe's claim of error.