**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43462**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 633 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 4, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ROBERT A. LAWRENCE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Dane H. Watkins, Jr., District Judge.

Order denying I.C.R. 35 motion to correct an illegal sentence, <u>affirmed</u>.

Eric D. Fredericksen, Interim State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

In 2013, pursuant to a plea agreement, Robert Alexander Lawrence pled guilty to robbery, second degree kidnapping, and burglary. The State agreed not to file additional charges and recommended concurrent sentences with no more than five years determinate on each count. The district court imposed concurrent unified sentences of thirty-five years with eight years determinate for robbery; twenty-five years with eight years determinate for second degree kidnapping; and ten years with three years determinate for burglary. Lawrence filed an Idaho Criminal Rule 35 motion for reduction of sentence, which was denied by the district court.

In May 2015, Lawrence filed a Rule 35 motion for correction of an illegal sentence, which the district court denied. Lawrence appeals asserting that his sentences were illegal

1

because they violated the plea agreement; specifically, that once the district court "accepted" the plea agreement it was bound to follow the State's recommendation. Lawrence also claims that the sentences for robbery and second degree kidnapping exceed the statutory maximum.

In *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to re-examine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence was excessive. *Clements*, 148 Idaho at 87, 218 P.3d at 1148. An illegal sentence under Rule 35 is one in excess of a statutory provision or otherwise contrary to applicable law. *State v. Alsanea*, 138 Idaho 733, 745 69 P.3d 153, 165 (Ct. App. 2003).

As to the first argument, Lawrence acknowledges the language of the plea agreement and of I.C. § 19-2513. The plain language of the plea agreement makes clear that the district court was not bound to follow the State's recommendation. As to the second argument, Lawrence acknowledges that we have previously rejected his argument in *State v. Griffin*, 157 Idaho 409, 336 P.3d 816 (Ct. App. 2014). Therefore, Lawrence has shown no error in the district court's denial of his Rule 35 motion, which is affirmed.