**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45123**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2018 Unpublished Opinion No. 325** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: January 18, 2018** |
| | ) | |
| v. | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **TYREL McKNIGHT,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Power County. Hon. Stephen S. Dunn, District Judge.

Order denying I.C.R. 35 motion to correct an illegal sentence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and LORELLO, Judge

_____

PER CURIAM

Tyrel McKnight pled guilty to first degree murder, with a deadly weapon enhancement, Idaho Code §§ 18-4001, 19-2520. The district court sentenced McKnight to a determinate life sentence. McKnight filed an Idaho Criminal Rule 35 motion for correction of an illegal sentence, which the district court denied.

Mindful of this Court's holding in *State v. Griffith*, 157 Idaho, 409, 336 P.3d 816 (Ct. App. 2014) granting trial courts discretion pursuant to Idaho Code §§ 18-4004 and 19-2513 to impose a determinate term of not less than ten years for first degree murder, McKnight argues that the district court erred by imposing an illegal sentence. McKnight asserts that "the plain

1

language of I.C. § 18-4004, when read in conjunction with I.C. § 19-2513, requires a fixed sentence of ten years for any defendant convicted for first degree murder."

Pursuant to Rule 35, the district court may correct an illegal sentence at any time. In an appeal from the denial of a motion under Rule 35 to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993); *State v. Rodriguez*, 119 Idaho 895, 897, 811 P.2d 505, 507 (Ct. App. 1991).

This Court rejected McKnight's argument in *Griffith*. As explained in *Griffith*, I.C. § 19-2513 gives the district court discretion to determine what portion of the sentence in excess of the mandatory fixed term will be fixed. McKnight's sentence is not illegal. Therefore, the district court's order denying McKnight's Rule 35(a) motion to correct an illegal sentence is affirmed.