**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45226**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2018 Unpublished Opinion No. 408** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: April 3, 2018** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **JORGE CONTRERAS,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Order denying I.C.R. 35 motion for correction of illegal sentence, <u>affirmed</u>.

Jorge Contreras, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and LORELLO, Judge

_____

PER CURIAM

In 1998, Jorge Contreras pled guilty to second degree murder. I.C. §§ 18-4001, 18-4002, and 18-4003. The district court sentenced Contreras to a unified term of life imprisonment, with a minimum period of confinement of thirty years. Contreras filed an I.C.R. 35(a) motion for correction of an illegal sentence, which the district court treated as an I.C.R. 35(b) motion and denied it as untimely. Contreras appeals, asserting that the district court erred by denying his Rule 35 motion for correction of an illegal sentence as untimely and also claims his sentence is illegal.

1

In *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell,* 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). The state concedes that the district court had jurisdiction to rule on Contreras's motion, and therefore his Rule 35 motion was not untimely.

In his Rule 35 motion and on appeal, Contreras argues his sentence for second degree murder is illegal because "the crime he was convicted of only carries 10 years fixed which can be extended to life." Idaho Code Section 18-4004 states, in relevant part, that "every person guilty of murder of the second degree is punishable by imprisonment not less than ten (10) years and the imprisonment may extend to life." This Court's opinion in *State v. Griffith*, 157 Idaho 409, 336 P.3d 816 (Ct. App. 2014) explained that I.C. § 19-2513 gives the district court the discretion to determine what portion of the sentence in excess of the mandatory minimum term will be fixed. Because I.C. § 18-8004 provides that imprisonment shall be not less than ten years, the district court was authorized to determine what portion of Contreras's sentence would be fixed, with a maximum allowable fixed term of life imprisonment. Therefore, the district court properly denied Contreras's motions. *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017) (where an order of the district court is correct but based on an erroneous theory, this court will affirm on the correct theory). The district court's order denying Contreras's Rule 35 motion is affirmed.