# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45392

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2018 Unpublished Opinion No. 418 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 9, 2018 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| WILLIAM JERMAINE FLETCHER, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Order denying Idaho Criminal Rule 35 motion, <u>affirmed</u>.

William Jermaine Fletcher, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

In 2013, William Jermaine Fletcher entered an *Alford*[1] plea to one count of injury to a child, Idaho Code § 18-1501(1), which was amended from the original grand jury indictment of two counts of lewd conduct with a minor child under the age of sixteen. The district court sentenced Fletcher to a unified sentence of ten years, with three years determinate, and retained jurisdiction. Fletcher filed an Idaho Criminal Rule 35 motion. The district court relinquished jurisdiction and ordered execution of Fletcher's underlying sentence. The district court denied Fletcher's I.C.R. 35 motion. Fletcher appealed and in an unpublished opinion, this Court affirmed the district court's decision to relinquish jurisdiction and the order denying Fletcher's

---

[1]    *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

I.C.R. 35 motion for reduction of sentence. *State v. Fletcher*, Docket No. 41871 (Ct. App. Nov. 3, 2014). Subsequently, Fletcher filed a petition for post-conviction relief, which the district court summarily dismissed. Fletcher appealed and this Court affirmed the summary dismissal in an unpublished opinion. *Fletcher v. State*, Docket No. 42568 (Ct. App. Aug. 6, 2015).

Next, Fletcher filed a number of additional motions in the district court concerning his pretrial detainment, guilty plea, conviction, and sentence, all of which the district court denied. Fletcher filed a motion to withdraw his guilty plea under I.C.R. 33 and to correct an illegal sentence under I.C.R. 35. Fletcher alleged his due process rights were violated as a pretrial detainee, his plea agreement was breached, and his conduct did not meet the requirements for a felony conviction, thus justifying withdrawal of his plea and making his sentence illegal. Noting that Fletcher's motion was duplicative of several previously denied motions, the district court denied the motion for the same reasons it had denied Fletcher's previous motions. Fletcher appealed and this Court affirmed the district court in an unpublished opinion. *Fletcher v. State*, Docket No. 43957 (Ct. App. Jul. 18, 2016).

Most recent, Fletcher filed an I.C.R. 35 motion for correction of an illegal sentence, asserting that his sentence was illegal because the State breached the I.C.R. 11 plea agreement and the district court did not have subject matter jurisdiction to amend the charge to a charge different from what Fletcher was held to answer. The district court denied Fletcher's motion, finding that Fletcher's challenge was to the validity of his conviction rather than to the legality of his sentence. Fletcher appeals.

In *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court held that the term "illegal sentence" under I.C.R. 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Idaho Criminal Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by I.C.R. 35 should be limited to uphold the finality of judgments. *State v. Farwell,* 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Idaho Criminal Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where

2

new evidence tends to show that the original sentence was excessive. *Clements*, 148 Idaho at 87, 218 P.3d at 1148.

Therefore, the district court properly denied Fletcher's motion. Accordingly, we conclude no abuse of discretion has been shown and the district court's order denying Fletcher's I.C.R. 35 motion is affirmed.