## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 45387

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2018 Unpublished Opinion No. 420 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 10, 2018 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| DANIEL EDWARD RODGERS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel A. Hoagland, District Judge.

Order denying Idaho Criminal Rule 35 motion, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Daniel Edward Rodgers was found guilty of murder in the first degree, Idaho Code §§ 18-4001, -4002, -4003. In September of 1988, the district court imposed a fixed term of life with no portion of the sentence to be indeterminate; to be held in confinement without the possibility of parole.

Rodgers filed an Idaho Criminal Rule 35 motion for correction of an illegal sentence. Rogers asserts that at the time his sentence was imposed, his life sentence was not to exceed a period of thirty years. He argues legislature has changed the definition of life to equate to a natural life and that was not to be retroactive. Rodgers asserts that at the time he was sentenced, he was informed that the maximum determinate portion of a life sentence was not to exceed

1

thirty years.  Rodgers requested the district court correct his sentence to not exceed thirty years and that he be released immediately as his sentence has expired.  The district court denied Rodgers' motion, finding that Rodgers' sentence was not illegal.  Rodgers appeals.

In *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court held that the term "illegal sentence" under I.C.R. 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing.  Idaho Criminal Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by I.C.R. 35 should be limited to uphold the finality of judgments.  *State v. Farwell,* 144 Idaho 732, 735, 170 P.3d 397, 400 (2007).  Idaho Criminal Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence was excessive.  *Clements*, 148 Idaho at 87, 218 P.3d at 1148.

The record supports the district court's finding that Rodgers' sentence was not illegal.  Therefore, the district court properly denied Rodgers's motion.  Accordingly, we conclude no abuse of discretion has been shown and the district court's order denying Rodgers' I.C.R. 35 motion is affirmed.