**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46178**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: January 16, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| THOMAS ROBERT PETERSEN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Gooding County. Hon. John K. Butler, District Judge.

Order denying Idaho Criminal Rule 35 motion, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and BRAILSFORD, Judge.

---

PER CURIAM

Thomas Robert Petersen pleaded guilty to two counts of first degree murder, I.C. § 18-4003(d). The district court imposed a determinate life sentence for each charge. Petersen filed an Idaho Criminal Rule 35 motion for correction of an illegal sentence, asserting that his sentence was illegal because he was denied the right to have counsel present at his pre-sentence investigation interview; his attorney did not tell him that he could refuse to participate in his pre-sentence investigation interview; significant changes occurred to his brain as he grew older, which could be detected with an MRI; and his trial attorney told him that a life sentence meant a thirty-year sentence. The district court denied Petersen's motion, finding that Petersen's sentence was not illegal on the face of the record. Petersen appeals.

1

In *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell,* 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Idaho Criminal Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence was excessive. *Clements*, 148 Idaho at 87, 218 P.3d at 1148.

The record supports the district court's finding that Petersen's sentence was not illegal. Therefore, the district court properly denied Petersen's motion. Accordingly, we conclude no abuse of discretion has been shown and the district court's order denying Petersen's Rule 35 motion is affirmed.