**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46121**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: January 16, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| BILLY RAY BARTLETT, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel A. Hoagland, District Judge.

Order denying Idaho Criminal Rule 35 motion for correction of illegal sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

Before GRATTON, Chief Judge; BRAILSFORD, Judge

PER CURIAM[1]

Billy Ray Bartlett was found guilty of sexual abuse of a child under the age of sixteen years, Idaho Code § 18-1506, with a persistent violator sentencing enhancement, I.C. § 19-2514. The district court imposed a unified sentence of life, with thirty years determinate.

Bartlett filed an Idaho Criminal Rule 35 motion for correction of an illegal sentence, asserting that his sentence is illegal because trial counsel did not tell Bartlett he did not have to speak with the presentence investigator. The district court denied Bartlett's motion, finding that Bartlett's sentence is not illegal. Bartlett appeals.

---

[1]     Judges Huskey and Lorello did not participate.

1

In *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence is excessive. *Clements*, 148 Idaho at 87, 218 P.3d at 1148.

The record supports the district court's finding that Bartlett's sentence is not illegal. Additionally, the district court correctly concluded Bartlett's Rule 35 motion to correct an illegal sentence is improper for purposes of challenging whether his trial counsel properly informed him regarding his obligation to speak to the presentence investigator. "Rule 35's purpose is to allow courts to correct illegal sentences, *not* to reexamine errors occurring at trial or before the imposition of the sentence." *State v. Wolfe*, 158 Idaho 55, 65, 343 P.3d 497, 507 (2015). Therefore, the district court properly denied Bartlett's motion. Accordingly, we conclude no abuse of discretion has been shown and the district court's order denying Bartlett's Rule 35 motion is affirmed.