**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43055**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Opinion No. 4 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 14, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JOHN SCOTT MEIER, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Order denying Idaho Criminal Rule 35 motion to correct an illegal sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

GUTIERREZ, Judge

John Scott Meier appeals from the district court's denial of his Idaho Criminal Rule 35 motion to correct an illegal sentence. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2007, Meier entered an *Alford*[1] plea to possession of sexually exploitative material, Idaho Code §§ 18-1507, 18-1507A,[2] and admitted to being a persistent violator, I.C. § 19-2514. The district court imposed a determinate life sentence. Meier appealed his sentence, which this Court affirmed. *State v. Meier*, Docket No. 34261 (Ct. App. Feb. 1, 2008) (unpublished). In

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

[2]     Idaho Code § 18-1507A has since been repealed, effective July 1, 2012.

1

2015, Meier filed a motion to correct an illegal sentence pursuant to Idaho Criminal Rule 35(a), asserting that his sentence was illegal. The district court denied his motion. Meier timely appeals.

## II.

## ANALYSIS

Meier challenges the district court's denial of his Rule 35 motion. Pursuant to Idaho Criminal Rule 35(a), a district court may correct an illegal sentence at any time. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Whether a sentence is illegal is a question of law over which we exercise free review. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). In *State v. Clements*, 148 Idaho 82, 218 P.3d 1143 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35(a) is narrowly interpreted as a sentence that is illegal from the face of the record; i.e., does not involve significant questions of fact or require an evidentiary hearing. *Clements*, 148 Idaho at 87, 218 P.3d at 1148. The rule is limited to legal questions surrounding the defendant's sentence, and any factual issues must be apparent from the face of the record. *Id.* at 88, 218 P.3d at 1149.

Meier argues that his determinate sentence of life is illegal because it violates statutory limits. Specifically, he contends that the statutory language in I.C. § 19-2514, which establishes a mandatory minimum term of imprisonment of five years, requires the sentencing court to impose a determinate term of exactly five years. He argues that although the statute gives the court discretion to impose a sentence up to life, any portion of the term exceeding five years must be indeterminate. Meier cites to a single sentence within I.C. § 19-2513(2) to support his assertion: "If the offense carries a mandatory minimum penalty as provided by statute, the court *shall* specify a minimum period of confinement *consistent* with such statute." (Emphasis added.) He argues that the emphasized portions of that provision restrict the court's authority to impose a determinate sentence longer than five years. His argument effectively urges this Court to read the statutory five-year *minimum* sentence requirement as a five-year *maximum* determinate term. Meier's argument is entirely without merit.

We begin our analysis by examining the code provisions relevant to Meier's sentence. Idaho Code § 19-2514 sets forth the following punishment for persistent violators: "Any person convicted for the third time of the commission of a felony . . . shall be sentenced to a term in the custody of the state board of correction which term shall be for not less than five (5) years and

2

said term may extend to life." Next, I.C. § 18-107 instructs courts to impose sentences within statutorily-prescribed limits as follows: "Whenever, in this code, the punishment for a crime is left undetermined between certain limits, the punishment to be inflicted in a particular case, must be determined by the court authorized to pass sentence within such limits as may be prescribed by this code." Finally, I.C. § 19-2513 provides:

> The court shall specify a minimum period of confinement and may specify a subsequent indeterminate period of custody. The court shall set forth in its judgment and sentence the minimum period of confinement and the subsequent indeterminate period, if any, provided, that the aggregate sentence shall not exceed the maximum provided by law.

In sum, Section 19-2514 sets the outer limits of a permissible sentence for a persistent violator (five years to life); Section 18-107 gives the court authority to impose a sentence anywhere within those outer limits; and Section 19-2513 confers discretion upon the court to determine what portion (or all) of the sentence is determinate or indeterminate. Thus, a court may impose a sentence of any duration between five years and life, and the court can distribute that sentence between a determinate term and indeterminate term at its discretion.

Here, the sentencing court was within its statutorily-conferred discretion to impose a period of confinement between five years and life, either determinate or indeterminate. Thus, Meier's sentence of determinate life is consistent with the relevant sentencing statutes and is not illegal.

### III.

### CONCLUSION

Meier has not established that his sentence is illegal. Therefore, we affirm the district court's denial of Meier's Rule 35 motion to correct an illegal sentence.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.