# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43758

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 746 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 26, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CARLOS MALVIN NAVARRETE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Order dismissing motion to reconsider denial of Rule 35 motion, <u>affirmed</u>.

Eric D. Fredericksen, Interim State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

_____

PER CURIAM

In 2010, Carlos Malvin Navarrete was found guilty of second degree murder, Idaho Code §§ 18-4001, 18-4002, 18-4003, with a firearm enhancement, I.C. § 19-2520. The district court sentenced Navarrete to a unified sentence of life with thirty years determinate. Approximately four years later, Navarrete filed an Idaho Criminal Rule 35 motion for correction of an illegal sentence, claiming that his sentence was illegal pursuant to I.C. § 19-2513. In Navarrete's Rule 35 motion he claimed I.C. § 19-2513 required the court to impose only the mandatory minimum sentence of ten years for the second degree murder conviction. On July 3, 2014, the district court denied the motion, concluding that Navarrete's sentence was not illegal because I.C. § 19-2513, in conjunction with I.C. § 18-4001, only limited the court's discretion to giving a

1

unified sentence of at least ten years. On October 2, 2015, Navarrete filed a motion to reconsider the order denying his Rule 35 motion for correction of an illegal sentence, again claiming that his sentence was illegal under I.C. § 19-2513. On November 9, 2015, the district court dismissed the motion as untimely. Navarrete contends that the district court erred in dismissing the motion for reconsideration.

Navarrete acknowledges that the motion to reconsider was filed after the expiration of the time for appeal of the Rule 35 order, and that pursuant to *State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711, 714 (2003), the district court was without jurisdiction as to the motion for reconsideration. Navarrete also acknowledges that the doctrine of res judicata bars consideration of subsequent motions attempting to relitigate issues that are finally decided. *State v. Rhoades*, 134 Idaho 862, 863, 11 P.3d 481, 482 (2000). Finally, even on the merits, Navarrete's claim is contrary to established law. *State v. Meier*, 159 Idaho 712, 713, 366 P.3d 197, 198 (Ct. App. 2016).

Therefore, the district court's order dismissing Navarrete's motion to reconsider the denial of his Rule 35 motion is affirmed.