IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket Nos. 49120/49121

| STATE OF IDAHO, | ) | |
| :--- | :--- | :--- |
| | ) | **Filed: October 7, 2022** |
| Plaintiff-Respondent, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| MARIANO PEREZ, JR., | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Gene A. Petty, District Judge.

Order denying I.C.R. 35(a) motion to correct an illegal sentence, <u>affirmed</u>.

Nevin, Benjamin & McKay LLP; Valeri M. Kiesig, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Mariano Perez, Jr., appeals from the district court's denial of his Idaho Criminal Rule 35(a) motion to correct an illegal sentence. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2006, Perez pled guilty to felony aggravated assault, Idaho Code §§ 18-901, 18-905(a), with a persistent violator enhancement, I.C. § 19-2514; and aggravated battery on a law enforcement officer, I.C. § 18-915(3), with a persistent violator enhancement. The district court sentenced Perez to two concurrent, determinate life sentences. This Court affirmed his convictions and sentences, including the denial of an I.C.R. 35(b) motion. *State v. Perez*, 145 Idaho 383, 179 P.3d 346 (Ct. App. 2008).

On January 21, 2021, Perez filed a pro se motion for correction or reduction of sentence, I.C.R. 35(a), arguing that his sentences are illegal because he was never informed that a determinate life sentence was possible, and because the district court lacked the authority to

1

sentence him to determinate life under the persistent violator statute. The district court denied the motion. Perez timely appeals.

## II.

## STANDARD OF REVIEW

In an appeal from the denial of a motion under I.C.R. 35 to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993).

## III.

## ANALYSIS

On appeal, Perez argues that his sentences are illegal. First, Perez claims the he was not properly advised by his counsel or the district court that he could be sentenced to determinate life. Second, Perez claims that the persistent violator enhancement law and its statutory scheme do not give courts proper guidelines or legitimate authority to impose a determinate life sentence.

In *State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143, 1147 (2009), the Idaho Supreme Court held that the term "illegal sentence" under I.C.R. 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Idaho Criminal Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by I.C.R. 35 should be limited to uphold the finality of judgments. *Clements*, 148 Idaho at 86, 218 P.3d at 1147; *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Idaho Criminal Rule 35 is not a vehicle designed to re-examine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence is excessive. *Clements*, 148 Idaho at 86, 218 P.3d at 1147.

Perez claims he was not properly advised by his counsel or the district court in regard to the possibility of a determinate life sentence. In his Rule 35(a) motion, Perez's arguments included:

1. He was not informed that a determinate life sentence could be imposed.
2. He was not informed as to which aggravators the court was using to sentence him to determinate life sentence.
6. The Information filed by the State failed to notify Mr. Perez of a possible fixed life sentence and the aggravating circumstances that must be proven for a life sentence.

2

Idaho Criminal Rule 35(a) inquiries "must involve only questions of law--they may not include significant factual determinations to resolve the merits of a Rule 35 claim." *State v. Wolf*, 158 Idaho 55, 65, 343 P.3d 497, 507 (2015). The Idaho Supreme Court has further explained that the purpose of Rule 35(a) is to allow courts to correct illegal sentences, *not* to reexamine errors occurring at the trial or before the imposition of sentence. *Wolf*, 158 Idaho at 65, 343 P.3d at 507. If a district court does inquire and makes significant factual determinations, it exceeds its authority under Rule 35. *Id*.

Perez argues that the district court could have considered the above claims because they are plain from the face of the record and, therefore, require no *significant* factual determination. The district court denied Perez's motion finding that his claims exceeded the scope of Rule 35(a) because they would require the court to analyze the record, re-examine errors that potentially occurred before imposition of the sentence, and make factual determinations. We agree. First, the Idaho Supreme Court has stated that a sentence is illegal on the face of the record when is it clear from the face of the judgment. *Wolf*, 158 Idaho at 65, 343 P.3d at 507. Despite Perez's claim to the contrary, the issues raised involve rather significant questions of fact that cannot be resolved from the face of the judgment. Furthermore, these claims expressly relate to matters occurring prior to the imposition of sentence and are not properly considered in a Rule 35(a) motion. To the extent Perez is claiming that his sentence was imposed in an illegal manner, that issue could have been raised in a motion under I.C.R. 35(b)[1] or on appeal. The time for doing so has long passed. Similarly, to the extent the claims are a challenge to the validity of the guilty plea, a district court lacks jurisdiction to consider a challenge to a guilty plea once the judgment becomes final. *State v. Jakoski*, 139 Idaho 352, 354-55, 79 P.3d 711, 713-14 (2003).

---

[1]    Idaho Criminal Rule 35 provides:

>     (b) Sentences Imposed in an Illegal Manner or Reduction of Sentence. Within 120 days of the entry of the judgment imposing sentence or order releasing retained jurisdiction, a motion may be filed to correct a sentence that has been imposed in an illegal manner or to reduce a sentence and the court may correct or reduce the sentence. The court may also reduce a sentence on revocation of probation or on motion made within 14 days after the filing of the order revoking probation. Motions are considered and determined by the court without additional testimony and without oral argument, unless otherwise ordered. A defendant may only file one motion seeking a reduction of sentence.

Next, Perez asserts that his sentences are illegal because the persistent violator enhancement statute only allows for indeterminate life and does not authorize determinate life because it does not include proper guidance for making that decision. Perez further contends this Court's decision in *State v. Meier*, 159 Idaho 712, 366 P.3d 197 (Ct. App. 2016) was incorrectly decided. Perez asserted the following reasons in his Rule 35(a) motion:

3.    Determinate life is not an option for sentencing unless it is provided for in the applicable statute.

4.    The court exceeded its authority in sentencing Mr. Perez to a determinate life sentence in violation of I.C. § 19-2513(2), which limits the fixed term to one consistent to any mandatory minimum term provided for in I.C. § 19-2514.

5.    The court imposed an illegal sentence when it did not follow the mandatory term of I.C. § 19-2513(2), imposing a sentence in excess of its authority and in excess of the statute.

7.    The Idaho Legislature did not intend for a determinate life sentence to be a sentencing option unless specifically provided for in the statute (*i.e.*, I.C. § 18-4004).

8.    The Court failed to sentence Mr. Perez to the mandatory minimum required pursuant to I.C. § 19-2513(2).

The district court correctly determined that it had the authority to sentence Perez to determinate life sentences under the persistent violator statute. In support of this position, the district court cited to *Meier*. In *Meier*, this Court analyzed sentencing under the persistent violator enhancement and concluded the statute grants a district court authority to impose a sentence that is between five years and life, and the court can distribute that sentence between a determinate term and indeterminate term at its discretion. *Meier*, 159 Idaho at 713, 366 P.3d at 198. Therefore, the statute grants the authority to impose a determinate life sentence.

The district court also correctly rejected Perez's argument that the persistent violator statute itself is inadequate and cannot provide for determinate life because it does not include proper sentencing parameters. In accordance with the language of the statute, a person "shall be sentenced to a term in the custody of the state board of correction which term shall be for not less than five (5) years and said term may extend to life." I.C. § 19-2514. Perez argues that this language only provides for an indeterminate life sentence. However, such rationale operates under the false assumption that the minimum sentencing option sets the maximum. In *Meier*, we held that the persistent violator statute implies "life sentence" can mean a determinate life sentence because (1) I.C. § 18-107 allows a court to select a sentence within the statutorily established limits, and (2) I.C. § 19-2513 requires a court to specify which portion of the sentence is determinate and

4

which portion is indeterminate. Perez's claims that *Meier* was incorrectly decided and should be abrogated are without merit. Thus, under I.C. § 19-2514, a life sentence is within the bounds of a sentencing court's statutorily established authority, and I.C. § 19-2513 does not limit what portion of a sentence may be determinate. Furthermore, Perez's claim that the persistent violator statute lacks proper sentencing parameters does not fall within the scope of I.C.R 35(a) because it addresses the adequacy of the statute's application instead of the legality of Perez's sentence.

## IV.

## CONCLUSION

The district court correctly determined that Perez's sentence is not illegal. Therefore, the district court properly denied Perez's motion. Accordingly, we affirm the district court's order denying Perez's I.C.R. 35(a) motion.

Chief Judge LORELLO and Judge BRAILSFORD **CONCUR**.