**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50321**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: November 29, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| THOMAS ZACHARY ALEC PAULK, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Dane H. Watkins, Jr., District Judge.

Order denying I.C.R. 35(a) motion to correct an illegal sentence, <u>affirmed</u>; order denying I.C.R. 35(b) motion for reduction of sentence, <u>affirmed</u>.

Erik R. Lehtinen, Interim State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Thomas Zachary Alec Paulk was found guilty of lewd conduct with a minor under sixteen, Idaho Code § 18-1508, and forcible penetration by use of a foreign object, I.C. § 18-6608. Several months later the lewd conduct charge was dismissed. The district court imposed a unified sentence of fifteen years with five years determinate for forcible penetration by use of a foreign object.

In 2021, Paulk filed a pro se Idaho Criminal Rule 35 motion for correction of an illegal sentence, claiming that his sentence was illegal in the circumstance where he was sentenced for forcible penetration after the State admitted, relative to the lewd conduct charge dismissal, that

Paulk did not have sexual intent. Paulk requested that the forcible penetration conviction be dismissed or that he be resentenced to remove the requirement that he register as a sex offender. Paulk later amended the motion to include a request for appointment of counsel. The district court appointed counsel and counsel filed a Rule 35(b) motion for reduction of sentence.

The State opposed the motions arguing that, as to the Rule 35(a) motion, the sentence was not illegal on its face and that, as to the Rule 35(b) motion, the district court no longer had jurisdiction since the motion was filed more than 120 days after the judgment of conviction. The district court denied both motions. Paulk appeals, mindful that the Rule 35(a) motion to correct an illegal sentence must show that the sentence is illegal from the face of the record. Paulk is also mindful that motions under I.C.R. 35(b) must be filed within 120 days from the entry of judgment. Nevertheless, Paulk asserts that the district court erred by denying his motions

In *State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143, 1147 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *Clements*, 148 Idaho at 86, 218 P.3d at 1147; *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence is excessive. *Clements*, 148 Idaho at 86, 218 P.3d at 1147. Having reviewed the record and applying the above standards, Paulk's sentence is not illegal from the face of the record and the district court did not abuse its discretion in denying Paulk's Rule 35(a) motion.

Idaho Criminal Rule 35(b) mandates that motions filed under that section be filed "[w]ithin 120 days of the entry of the judgment imposing sentence." Paulk's Rule 35(b) motion was not filed within the jurisdictional time limit. Therefore, the district court did not abuse its discretion in denying the motion.

Therefore, the district court properly denied Paulk's I.C.R. 35 motions. Accordingly, we conclude no abuse of discretion has been shown and the district court's orders denying Paulk's Rule 35 motions are affirmed.